Filed 8/30/23  Blair v. County of El Dorado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| ADENA BLAIR, | |
| Plaintiff and Appellant, | C095031 |
| v. | (Super. Ct. No. PC20180575) |
| COUNTY OF EL DORADO, | |
| Defendant and Respondent. | |

The County of El Dorado (County) provided a leave of absence to Adena Blair, then a public health nurse with the County, following Blair's kidney-donation surgery. According to Blair, the County denied her request to work from home as a reasonable accommodation, whereas Blair's supervisor said she did not receive any such request to work from home.  Blair sued the County for failure to accommodate and failure to engage in the interactive process.  The trial court granted the County's motion for summary judgment.

Blair now contends the trial court applied the wrong standard in addressing her claims under the California Fair Employment and Housing Act (FEHA) (Gov. Code,

1

§ 12900 et seq.), arguing that whether a particular accommodation was available and reasonable was a triable issue of material fact.

Because summary judgment was supported by undisputed material facts, we will affirm the judgment.

BACKGROUND

Blair began working as a public health nurse for the County in January 2017.[1] Her job involved field visits during which she would carry a 15 to 30 pound bag. After an injury to her ribs and a medical restriction on lifting, Blair asked the County in early 2017 for a reasonable accommodation. The County agreed that Blair would not need to conduct field visits for 20 days. Blair subsequently obtained a medical release removing the lifting restriction.

Later that same year, Blair informed her supervisor Amber Burget that she might become an organ donor. Burget told Blair to let Sharon Keoppel know when she required a leave of absence.

On October 2, Blair sent an e-mail to Keoppel informing her that Blair might donate a kidney. Keoppel forwarded the information from Blair to Risk Management Analyst Gina Coppa-McBain. Coppa-McBain understood that Blair believed she was entitled to paid leave.

On November 6, Blair notified Burget that she would require six weeks of recovery after surgery. Coppa-McBain learned that the law requiring paid leave for organ donation did not apply to the County; she informed Blair of that and asked for a completed leave application. It was determined that Blair did not qualify for leave under the Family Medical Leave Act or the California Family Rights Act.

---

[1] All dates refer to 2017 unless otherwise stated.

Blair had surgery on November 21. The County gave her unpaid medical leave and held her position open. Coppa-McBain told Blair she would receive the requested six weeks of leave. Blair's work was temporarily reassigned to other employees. Blair did not have sufficient accrued vacation or sick leave to cover her leave, but her coworkers donated vacation hours to Blair.

UC Davis Health instructed Blair not to lift more than 20 pounds for six weeks and not to drive for four weeks after the surgery. A post operative clinic note said Blair should not lift more than 10 pounds for four to six weeks. Blair's doctor did not remove the lifting or driving restrictions before the end of Blair's leave.

According to Blair, she was able to work at home while recuperating from surgery and asked to work from home, but Burget denied her request. Burget disputed Blair's assertion, saying Blair never indicated she wanted to return to work early or that she was medically cleared to return to work. Burget and Coppa-McBain did not explore whether Blair could work from home because they understood she needed to be on leave.

On December 21, Burget asked Blair if she would be returning to work at the end of her six-week leave or if she needed more time off. Blair said she needed to extend her leave to January 8, 2018 due to a medical complication. There was no medical release for Blair to return to work.

On January 1, 2018, Blair notified Burget that she was resigning. Blair started a new job in January, and had interviewed for the job before her surgery.

Blair sued the County for promissory estoppel, failure to provide a reasonable accommodation for her disability, and failure to engage in the interactive process. The trial court sustained a demurrer to the promissory estoppel cause of action without leave to amend. The County subsequently moved for summary judgment and/or summary adjudication as to the remaining causes of action. Blair opposed the County's motion.

The trial court granted summary judgment. According to the trial court, Blair did not raise a triable issue of material fact.

3

STANDARD OF REVIEW

A trial court must grant a motion for summary judgment if the papers submitted show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c), (f)(1).) A defendant may do this by showing that the plaintiff cannot establish one or more elements of a cause of action. (Code Civ. Proc., § 437c, subds. (a)(1), (f), (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849, 853 (*Aguilar*).) After the defendant meets its threshold burden, the burden shifts to the plaintiff to present evidence showing that a triable issue of material fact exists as to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar,* at p. 850.)

We review an order granting summary judgment de novo, employing the same analysis as the trial court. (*Aguilar, supra*, 25 Cal.4th at p. 860; *Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206.) We will affirm summary judgment if it is correct on any ground; we are not bound by the trial court's stated reasons because we review its ruling, not its rationale. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336; *Marshall v. County of San Diego* (2015) 238 Cal.App.4th 1095, 1107.) We independently examine the record, considering all of the evidence set forth in the papers, except that which the trial court properly excluded, and all inferences reasonably deducible from the evidence to determine whether a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (c); *Price v. Victor Valley Union High School Dist.* (2022) 85 Cal.App.5th 231, 238-239.)

DISCUSSION

Blair contends the trial court applied the wrong standard in addressing her FEHA claims, arguing that whether a particular accommodation was available and reasonable was a triable issue of material fact.

FEHA generally requires an employer to provide reasonable accommodation for an employee's known disability. (Gov. Code, §§ 12900, 12940, subd. (m); Cal. Code

4

of Regs., tit. 2, § 11068, subd. (a).) As pertinent here, reasonable accommodation is any modification or adjustment that is effective in enabling the employee to perform the essential functions of the job. (Cal. Code of Regs., tit. 2, § 11065, subd. (p)(1); *Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1010; *Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 974.) The FEHA also requires an employer to engage in an interactive process with the employee to determine effective reasonable accommodations. (Gov. Code, § 12940, subd. (n); see Cal. Code of Regs., tit. 2, § 11069, subd. (a).) To prevail on a claim for failure to engage in the interactive process, the employee must identify a reasonable accommodation the interactive process should have produced. (*Shirvanyan v. Los Angeles Community College Dist.* (2020) 59 Cal.App.5th 82, 96-98; *Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 379; *Scotch,* at pp. 995, 1018-1019; *Nadaf-Rahrov,* at p. 983.)

Although the trial court ruled field visits were an essential function of Blair's nursing job and hence there was no reasonable accommodation available other than the leave the County provided to her, we review the record de novo and need not adopt the trial court's rationale. The prior 2017 accommodation that the County gave to Blair, in which Blair did not need to perform field visits for 20 days, showed it was possible to discontinue field visits, at least temporarily. Blair said she requested a similar accommodation following her surgery, whereas Burget denied receiving any such request, creating a dispute as to whether an accommodation to work from home had been requested. But that factual dispute was ultimately not material, because undisputed facts supported summary judgment. The County required an employee on leave to submit a medical clearance to return to work. Blair was aware of the requirement inasmuch as she submitted a medical release in relation to her prior 2017 accommodation and Burget mentioned medical clearance to return to work in two e-mails relating to her leave for organ-donation surgery. On December 21, Burget asked Blair if she would be returning to work at the end of her six-week leave or if she needed more time off. Blair extended

5

her leave to January 8, 2018 due to a medical complication.  There was no medical release for Blair to return to work.  Without a medical clearance to return to work, working from home during her leave was not a reasonable and available accommodation. (*See Lee v. Eden Medical Center* (N.D. Cal. 2010) 690 F.Supp.2d 1011, 1024 [approving employer policy requiring medical clearance to return to work in a FEHA discrimination case].)  The County reasonably accommodated Blair's disability by granting her request for six weeks of leave and an extension of leave and holding her position open. (Cal Code of Regs., tit. 2, § 11068, subd. (c).)

The trial court did not err in granting summary judgment.

DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/S/

MAURO, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

BOULWARE EURIE, J.

6